The Honorable Grady J. Leupold

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. MJ25-5085 |
| Plaintiff | |
| v. | **GOVERNMENT'S AMENDED MEMORANDUM IN SUPPORT OF DETENTION** |
| LI TIAN, | |
| Defendant. | |

A grand jury in the District of Oregon returned an indictment on March 4, 2025, charging LI TIAN with the following offenses:

Count 1:    *Conspiracy in violation of 18 U.S.C. § 371*

Count 3:    *Bribery of a Public Official in violation of 18 U.S.C. § 201(b)(2)(C).*

Count 4:    *Theft of Government Property in violation of 18 U.S.C. § 641.*

The government requests a detention hearing occur concurrent with Mr. TIAN's appearance on Mach 7, 2025. The government files this memorandum in support of detention. TIAN is charged with multiple offenses that pose a danger to the national security of the United States. In addition, based on the facts set forth below, TIAN is both a danger to the community and a potential flight risk.

Memorandum in Support of Detention - 1
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**FACTUAL SUMMARY OF EVENTS RELATED TO TIAN**

<u>Overview</u>

TIAN, who is an active-duty Captain and member of the U.S. Army and stationed at Joint Base Lewis McCord ("JBLM"), has sold sensitive military information related to the United States Army's operational security, including technical manuals, transmitted and attempted to transmit sensitive military information to those who were not authorized to receive it, and entered restricted military installations and took photographs and documents belonging to the United States Army.  TIAN received at least $500 for the passage of sensitive documents.

TIAN swore an oath to faithfully discharge his duties as an officer in the U.S. Army.  As an active-duty soldier, TIAN had a duty to protect sensitive military information.  TIAN received multiple trainings about his duties, including how to handle Secret, classified controlled unclassified ("CUI"), and other sensitive information and how to spot recruitment efforts by U.S. adversaries.

<u>TIAN Received Payment for Sending Sensitive Military Information</u>

On or about October 18, October 25, and November 3, 2022, TIAN sent DUAN military information via e-mail.  Specifically, TIAN sent DUAN links to a Google Drive containing OSINT reports.[1]

On or about October 13, 2023, TIAN sent an unencrypted e-mail from his U.S. Army email account to his personal email transmitting a military reference document for planning, training and operations for the Stryker Brigade Combat Team.  The document contained a CUI marking along with additional warnings about proper dissemination of the document.

On February 20, 2023, TIAN sent DUAN sensitive military information via email, specifically, links to Google Drives containing reports related to the Stryker combat

---

[1] OSINT is an acronym for Open Source Intelligence and refers to information that is not classified.

Memorandum in Support of Detention - 2
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  vehicle.  These materials were marked with warnings about proper dissemination of the

2  document and distribution was restricted to DOD personnel or their contractors only.

3       TIAN's activity in his workspace also included removal of a classified document

4  from a secure facility.

5       On or about May 3, 2024, video footage from TIAN's unclassified office at JBLM

6  showed that TIAN held his phone up to his computer screen and took screenshots of his

7  computer screen.

8       On or about May 5, 2024, video footage from TIAN's unclassified workspace at

9  JBLM showed that TIAN entered his workspace at approximately 10:45 p.m. TIAN,

10  removed a document marked SECRET from his desk and walked away with it at

11  approximately 10:50 p.m. TIAN did not re-enter his unclassified workspace and did not

12  return the SECRET document that day.

13       On or about May 6, 2024, video footage from TIAN's classified workspace at

14  JBLM showed that TIAN brought his personal cell phone inside, printed a classified

15  document, and left with the classified document. TIAN returned with the same classified

16  document approximately three-and-half hours later.

17       On or about May 8, 2024, video footage from TIAN's classified workspace at

18  JBLM showed that TIAN brought his personal cell phone inside the classified workspace

19  during a SECRET-level briefing.

20       On or about May 28, 2024, video footage from TIAN's unclassified office at

21  JBLM showed that TIAN used his personal cell phone to take a photo of his computer

22  screen and then used his personal phone to send a text message.

23       On or about June 6, 2024, video footage from TIAN's unclassified office at JBLM

24  showed that TIAN used his personal cell phone to take a photo of his computer screen

25  and then making a phone call.

26       On March 6, 2025, investigators executed a search warrant at TIAN's house in

27  Dupont, Washington.  They found military documents containing CUI, and a CD with the

Memorandum in Support of Detention - 3
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

hand-written word "Secret" written on it.  The contents of the CD are not yet known.
TIAN also gave a post-arrest interview with the FBI where he made a number of
statements.  When confronted with the charges that he was facing, the defendant
minimized his conduct, but admitted, "I am 100% guilty."

## TIAN SHOULD BE DETAINED

The Bail Reform Act

Under the Bail Reform Act, Title 18, United States Code, Section 3141 *et seq*.,
federal courts are required to order a defendant's detention pending trial upon a
determination that the defendant is either a danger to the community or a risk of flight.
*See* 18 U.S.C. § 3142(e) (a judicial officer "shall" order detention if "no condition or
combination of conditions would reasonably assure the appearance of the person as
required and the safety of any other person and the community").  A finding of
dangerousness must be supported by clear and convincing evidence.  *See United States v.
Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).  A finding of risk of nonappearance must be
supported by a preponderance of the evidence, *United States v. Winsor*, 785 F.2d 755,
757 (9th Cir. 1986), meaning the Government "must demonstrate that it is more likely
than not that there is a serious *risk* that the defendant will flee, not that it is more likely
than not that the defendant *will* flee."  *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d
1131, 1138-39 (D. Idaho 2023) (emphasis in original.)

The Bail Reform Act lists the following factors to be considered in the detention
analysis: (1) the nature and circumstances of the offenses charged; (2) the weight of the
evidence against the defendant; (3) the history and characteristics of the defendant; and
(4) the nature and seriousness of the danger to any person or the community that would
be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).  As discussed below, these
factors weigh heavily against pretrial release.

Memorandum in Support of Detention - 4
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Evidentiary rules do not apply at detention hearings and the government is entitled

2   to present evidence by way of proffer, among other means.  *See* 18 U.S.C. § 3142(f)(2);

3   *Reem v. Hennessy*, 2018 WL 1258137, at *2 (N.D. Cal. Mar. 12, 2018); *see also United*

4   *States v. LaFontaine*, 210 F.3d 125, 130-31 (2d Cir. 2000) (holding that the government

5   is entitled to proceed by proffer in detention hearings).  In the pre-trial context, few

6   detention hearings involve live testimony or cross-examination.  Most proceed on proffer.

7   *Id.* at 131.  This is because bail hearings are "typically informal affairs, not substitutes for

8   trial or discovery."  *Id.* (internal quotation marks omitted).

9   <u>Statutory Factors</u>

10  Each of the relevant statutory factors in the detention analysis underscore that

11  TIAN presents both an ongoing danger to the community and a serious risk of flight if

12  released on bond.

13

14  *<u>Nature and Circumstances of the Charged Offense</u>*

15  The first factor—the nature and circumstances of the offense charged—

16  contemplates consideration of not only the specific acts and charges alleged in the

17  indictment, but also the potential penalty that may be imposed if the person is convicted.

18  *See, e.g.*, *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); *United States v.*

19  *Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (noting defendants faced respectively

20  penalties of 35 and 70 years if convicted).  Here, the nature and circumstances of the

21  offenses are serious, and the penalties are appropriately severe

22  The nature of this offense is discussed in more detail below, but TIAN faces a

23  significant sentence in this case. With respect to the severity of the sentence TIAN faces,

24  the applicable guidelines result in a base offense level of at least 24, prior to any

25  departures upward or downward, resulting in potential prison sentence of 51 to 63

26

27

Memorandum in Support of Detention - 5
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

months.[2]  *See Townsend*, 897 F.2d at 995; *see also United States v. Cisneros*, 328 F.3d 610, 618 (l0th Cir. 2003) (holding defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond).  This fact, combined with the fact that Defendant is actively engaged in selling sensitive military documents heightens the risk of flight, and most importantly, puts our community, specifically our national community, and the national security of the United States in danger.  TIAN is an officer in the United States Army.  He was entrusted with safeguarding military information, including the information that he passed to his co-conspirator in this case.  He violated that trust when he passed sensitive military information to an individual who he knew was not authorized to receive it in exchange for money.  Undeniably, this places our national security at risk and weighs heavily in favor of detention.

TIAN maintains a SECRET security clearance.  As explained in the indictment, TIAN has already been shown to have removed a classified document from his workspace when he did not have the authority to do so.  Moreover, by the nature of his work and his access to information, TIAN has also an ability to pass sensitive information without accessing physical documents.  Even if TIAN were to be denied access to physical locations on JBLM where sensitive documents are contained, he would still be free to communicate sensitive information verbally.  If TIAN were to be released, there are no conditions or combination of conditions that would prevent TIAN from speaking to others or accessing electronic devices where he could communicate sensitive information.  The United States, and more specifically TIAN himself, has a responsibility to protect this information.  Accordingly, the nature of this offense is very serious, and weighs heavily in favor of detention.

---

[2] Note that the high-end of the applicable Guideline is 188 months but the statutory maximum is 15 years or 180 months.

Memorandum in Support of Detention - 6
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*The Weight of the Evidence*

The second factor is the weight of the evidence.  Although section 3142(g)(2) specifically enumerates weight of the evidence as a consideration in determining release, the Ninth Circuit has held that it is to be afforded less weight than the other statutory factors.  *See Townsend*, 897 F.2d at 994; *Winsor*, 785 F.2d at 757.  The weight of the evidence is, however, an important and relevant consideration in the Court's evaluation of whether a defendant "will fail to appear or will pose a danger to any person or to the community.  *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

Here, the weight of the evidence against the Defendant is strong.  Each offense with which TIAN is charged is well-documented, from the sale of sensitive military documents to surveillance video showing TIAN photographing sensitive military information and improperly handling classified materials.  Financial records show TIAN receiving payments in exchange for the information.  The defendant's own statements, including his admission that he is "100% guilty" also gives tremendous weight to the evidence.

Where, as here, the evidence of Defendant's guilt is strong, it provides "a considerable incentive to flee."  *United States v. Millan*, 4 F.3d 1038, 1046 (2d Cir. 1993); *see also Motamedi*, 767 F.2d at 1408 (9th Cir. 1985); *United States v. Palmer-Contreras*, 835 F.2d 15, 18 (1st Cir. 1987) (where "the evidence against defendants is strong, the incentive for relocation is increased").

/ / /

*Defendant's History and Characteristics*

Consideration of the history and characteristics of the person under section 3142(g)(3) includes the person's character, physical and mental condition, family ties,

Memorandum in Support of Detention - 7
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law. *See* § 3142(g)(3)(A) and (B).

Critically, Defendant has ties to the PRC including both of his parents. While he is currently a Captain in the U.S. Army, following his arrest, he is unlikely to be employed by the U.S. Army and will no longer have employment ties or financial resources tying him to this community. Each of these facts creates a significant risk of Defendant's non-appearance if he is released.

<u>*Nature and Seriousness of the Danger to the Community*</u>

In evaluating the nature and seriousness of the danger a defendant poses to the community, the Court may consider, *inter alia*, the defendant's criminal history; whether the crimes charged required intelligence, planning, capital, facility in deception, international communications, or international motives; and whether the charged crimes carry severe penalties.[3] *See Townsend*, 897 F.2d at 996.

Here, TIAN is charged with significant and serious crimes that impact the national security of the United States. TIAN is a clearance holder with access to classified information, much of which is retained in his mind, and cannot be adequately protected against. The communication of the sensitive information in this case occurred using everyday methods–computers and social media apps. Allowing TIAN easy access to either of these, as he would invariably have if released, presents an ongoing danger to the

---

[3] Other factors listed in *Townsend*, such as the defendant's prior performance on court-imposed supervision; whether the defendant illegally possessed firearms or large quantities of prohibited drugs; and, whether the defendant was on probation, parole, supervised release, or subject to conditions of pretrial release, are inapplicable here. 897 F.2d at 996.

Memorandum in Support of Detention - 8
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

community.  Based on surveillance video and other evidence, the government is aware that TIAN has taken other sensitive information but does not yet know where that information is or to whom it was sent.

TIAN's ability to access information that he may have secreted away, undermines any sense of safety the community may have if TIAN was released.  Other than detention, containing the information in TIAN's mind and his access to any additional information he may have hidden is impossible, especially when TIAN has already shown his eagerness to part with sensitive information for money.

### REQUEST FOR STAY OF RELEASE

If the Court finds that release is appropriate, the government requests that the Court stay the release order so that the government can appeal that decision to the district judge.  *See* Fed. R. Crim. Proc. 47 (which governs criminal motion practice generally).  Here, a stay would be needed to enable this district judge to meaningfully review the any release order before it took effect.  Without a stay, TIAN would be released following his initial appearance.  This Court has inherent power to control its docket "in a manner which will promote economy of time and effort for itself, counsel, and for litigants."  *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962).  Entry of a stay is one of those inherent powers. *Id.*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Memorandum in Support of Detention - 9
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**CONCLUSION**

2      TIAN's conduct is particularly reprehensible – selling information vital to the

3 national security for thousands of dollars – and demonstrates that TIAN presents an

4 ongoing danger to the community and a risk of flight.  TIAN should be detained.

5      DATED this 7th day of March, 2025

6

7                                        Respectfully submitted,

8                                        TEAL LUTHY MILLER

9                                        Acting United States Attorney

10                                       */s/ Katherine A. Rykken*

11                                       GEOFFREY BARROW, D.C. #462662
                                         KATHERINE A. RYKKEN, CSB #267196

12
                                         Special Assistant United States Attorneys
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Memorandum in Support of Detention - 10
*United States v. Li Tian* / MJ25-5085
USAO No. 2024R00074

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970